PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

IVANA DJAK (NYBN 5516687)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3918
    FAX: (510) 637-3724
    ivana.djak@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:24-mj-71557 KAW |
| Plaintiff, | **MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR DETENTION** |
| v. | |
| FELIX DONDRELL WILSON, | |
| Defendant. | |

## I.    INTRODUCTION

The Defendant, Felix Dondrell Wilson, is a career criminal who has wreaked havoc on the Bay Area for close to 20 years. In the present case, on October 10, 2023, the Defendant robbed a U.S. Letter Carrier (the "Victim") while he was delivering mail. The Defendant, along with his co-defendant, Joseph Michael McBee ("McBee"), and Ebony Reeves ("Reeves")[1] approached in a Toyota Camry. McBee exited the vehicle, approached the Victim, forcefully took his wallet and several other items, and pushed him to the ground causing injuries. While McBee stole the Victim's items, the Defendant removed mail from the mail truck. Reeves waited in the vehicle in which she, McBee, and Wilson had arrived. Two

---

[1] Reeves was separately convicted of Receipt of Stolen Mail for her October 10, 2023 conduct.

hours after the robbery, the Victim's bank notified him that his stolen credit card was used at a Gas & Mart store in Oakland. Video footage from the Gas & Mart shows the Defendant, McBee, and Reeves arriving at the Gas & Mart Store. McBee is pictured using a credit card to pay for a pack of cigarettes while Reeves stands next to him, and Wilson sits in the driver's seat of the stolen getaway car.

A couple of hours before the mail robbery, at approximately 09:19AM, the Daly City Toyota Dealership at 255 San Pedro Rd. in Daly City, was the victim of a vehicle theft. A silver 2023 Toyota Camry 4 door was stolen by suspects later identified as Reeves and Wilson, both of whom were clearly pictured in the surveillance footage. The Defendant and Reeves were arrested with the stolen silver Toyota Camry the next day, October 11, 2023, also in possession of the stolen mail and the Victim's items, as detailed below. The clothes they are pictured wearing in the dealership video were also found in the car.

The Defendant is accordingly charged with one count of Aiding and Abetting a Mail Robbery in Violation of 18 U.S.C. §§ 2, 2114(a) and faces a lengthy federal term of incarceration.

The Defendant has multiple prior convictions including for grand theft from a person, vehicle theft, possession of controlled substances, and being a felon in possession of a firearm. He has been arrested dozens of times for offenses including but not limited to, domestic violence, grand theft, robbery, burglary, vehicle theft, fighting in public, being a felon in possession of a firearm, possession of controlled substances, falsifying checks, evading law enforcement, engaging in hit and runs, and mail theft on multiple occasions. His juvenile record includes convictions for drug offenses and sexual battery. He has been on probation during most of his criminal conduct. No less than nine failures to appear are noted on his criminal record. There has never been a court order or a set of condition of supervised release that have deterred the Defendant from engaging in criminal conduct or that have his appearance in court.

The Bay Area community is not safe when the Defendant is not in custody. And if the Defendant is released, he is likely to violate the conditions of his release and fail to appear in court—he is a flight risk. Accordingly, the government requests that the defendant be detained pending trial.

## II. FACTUAL BACKGROUND

The government proffers facts herein in support of the argument that the defendant is a danger to the community and a flight risk through counsel.[2]

---

[2] The Federal Rules of Evidence do not apply to pretrial detention hearings. *See* 18 U.S.C.

2

**A. Overview**

On October 10, 2023, the Defendant robbed a U.S. Letter Carrier while he was delivering mail. The Defendant, McBee, and Reeves approached in a Toyota Camry and McBee exited the vehicle, approached the Victim, forcefully took his wallet and several other items, and pushed him to the ground causing injuries. While McBee stole the Victim's items, the Defendant removed mail from the mail truck. Reeves waited in the vehicle.

Two hours after the robbery, the Victim's bank notified him that his stolen credit card was used at a Gas & Mart store in Oakland. Video footage from the Gas & Mart shows the Defendant, McBee, and Reeves arriving at the Gas & Mart Store and using a credit card to pay for a pack of cigarettes.

Images from the gas station were shared with Oakland Police Department ("OPD") and San Francisco Police Department ("SFPD") officers. Several officers positively identified McBee as the individual depicted in the images. Officers were familiar with McBee from prior investigations and his mugshot, and specifically another vehicle theft on the morning of October 10, 2023, specifically a blue 2015 Kia Soul. Images of McBee standing next to the blue Kia Soul show McBee wearing the same clothing as the subject involved in the robbery of the Victim.

The Toyota Camry used in the mail robbery was stolen from the Daly City Toyota Dealership in Daly City, California on October 10, 2023, an hour before the mail robbery. Surveillance footage shows that at about 9:17AM, that same Kia Soul McBee was picture with at about 6:30AM, arrived at the Toyota Dealership. The Defendant and Reeves were pictured exiting the Kia Soul. Reeves was recorded breaking into and driving away with a silver Toyota Camry.

The Defendant and Reeves were apprehended the next day, on October 11, 2023 at a gas station near in Oakland, with the stolen Toyota Camry used in the mail robbery. They were found in possession of the stolen mail, the contents of the Victim's wallet, and the clothes they were seen wearing in the Dealership and Gas & Mart videos.

---

§ 3142(f)(2)(B) ("The Rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing."); *see also* FED. R. EVID. 1101(d)(3) (exception to application of federal evidence rules for "miscellaneous proceedings such as . . . considering whether to release on bail or otherwise."). Defendants at pretrial detention hearings are expressly authorized by the Bail Reform Act of 1984 to "present information by proffer or otherwise." 18 U.S.C. § 3142(f)(2)(B). Because the Act ratified existing practice, the government is likewise authorized to present information by proffer.

Based on surveillance footage, eyewitness accounts, credit card transaction records, among other evidence, the timeline of the Defendant, McBee, and Reeves's movements on October 10, 2023 was as follows (see map of locations below):

- Location 1 – October 10, 2023, 06:30AM – McBee pictured with stolen blue Kia Soul near E-15th & 17th Ave in Oakland, CA

- Location 2 – October 10, 2023, 9:17AM –the Defendant and Reeves pictured with same Kia at Daly City Toyota Dealership at 255 San Pedro Rd. Daly City, CA.

- Location 3 – October 10, 2023, 10:25AM – the Defendant, McBee, and Reeves at Postal Robbery on the 100 block of Eastwood Dr., San Francisco, CA.

- Location 4 – October 10, 2023, 11:46 AM – the Defendant, McBee, and Reeves in a silver Toyota Camry use victim's credit card at the Gas & Mart Store at 2740 98th Ave, Oakland, CA.

- Location 5 – October 11, 2023, 4:10PM – the Defendant and Reeves arrested with the stolen Toyota Camry and mail at gas station near 4280 Foothill Blvd, Oakland, CA.



**B. October 10, 2023 – 6:30AM MCBEE Pictured with Stolen Kia**

On the morning of October 10, 2023, a blue 2015 Kia Soul with CA license plate ####412 was reported stolen from the 600 block of Williams St. in Oakland. Surveillance footage from the area, revealed an image of McBee at about 6:30AM standing next to the stolen Kia near E-15th & 17th Ave in

Oakland. He was wearing a white cloth mask around his neck, black sweatshirt with yellow writing, black pants, black shoes with white sole, and had brown or reddish hair. Below is a surveillance image:



**C. October 10, 2023 – 9:19AM the Defendant, McBee, and Reeves at Daly City Toyota**

On October 10, 2023, at approximately 09:19AM, the Daly City Toyota Dealership at 255 San Pedro Rd. in Daly City, was the victim of a vehicle theft. A silver 2023 Toyota Camry 4 door with green front and back dealership plates with no license plate numbers (but associated with a previous license plate number of ####518) was stolen by suspects later identified as the Defendant and Reeves. At approximately 9:17AM, the stolen Kia that McBee was pictured with earlier, was recorded arriving at the scene of the Toyota dealership. A black man in light blue / gray jeans and a black hoodie with a red Nike logo, wearing a white facemask, is pictured exiting the KIA at 9:17AM. Next, a black woman in black pants, and a black shirt is seen exiting the vehicle. The woman's distinctive blond hair was seen protruding under her hoodie. These individuals were later identified as the Defendant and Reeves. At 9:19AM, the woman is pictured getting into the silver 2023 Toyota Camry and driving it away. The Kia and the Toyota are pictured driving away from the Toyota dealership. Notably, individuals with the same outfits were later pictured at the Gas & Mart where the robbery suspects were recorded using the Victim's credit card.

The Defendant and Reeves were arrested with the stolen silver Toyota Camry the next day, October 11, 2023, also in possession of the stolen mail, as well as the contents of the Victim's wallet, as detailed below. The clothes they are pictured wearing in the dealership video were also found in the car.






### D. October 10, 2023 – 10:23AM Robbery of Postal Letter Carrier Victim

On October 10, 2023, at approximately 10:25AM, on the 100 block of Eastwood Dr., the Victim was robbed. Postal Inspectors and SFPD officers responded to the scene of the incident, took a report, and canvassed the neighborhood for witnesses and video surveillance.

The Victim informed Postal Inspectors that he had just dropped off a package on the 100 block of Eastwood Dr. when a silver Toyota Camry drove past his mail truck and then reverse stopped behind the truck. The front passenger, later identified as McBee, walked up to the Victim and told him to give him the Postal keys. The Victim described the suspect as "a white male adult wearing a white mask, black jacket with orange lettering, approx. 6'2 tall" maybe 170lbs heavy. The Victim told McBee that

he did not have keys.  McBee then pushed the Victim down to the ground and stole his wallet which contained U.S. Currency, Credit Cards, and a Driver License.  The Victim and McBee struggled over the Victim's wallet.  During the struggle for the Victim's wallet his pants were torn, and he suffered bruises to both arms.  The Victim told Postal Inspectors that he believed two suspects were involved—the individual who pushed him, and another male suspect who stole mail from the back of the truck.

The robbery incident was recorded on a door camera located on the 100 block of Eastwood Drive.  A review of the video shows the following: the Victim delivered mail to the 100 block on Eastwood drive and walked to the back of his postal truck.  A silver Toyota Camry drove past the Postal truck and then reversed back stopping out of view of the camera.  An unknown subject, later identified as McBee, approached the Victim on foot, and physically pushed the Victim towards the front of the Postal vehicle.  The back license plate on the Toyota Camry was not visible in the video footage, and front of the car had what appears to be a green dealer plate with not clearly visible lettering.  The video ended at that time due preset motion deactivation time limit.  Below are images of the robbery.




The Victim also reported to Postal Inspectors and SFPD officers that a tray containing approximately 500 pieces of letter mail was missing from the back of his postal truck.  The Victim said he was missing mail for the 100 block of Eastwood and Southwood drive, and 300 block of Miramar and Southwood Drive in San Francisco, CA.  The Victim also told a Postal Inspector that he believed

x

Case 4:25-cr-00369-YGR    Document 30    Filed 04/04/25    Page 8 of 13

two suspects robbed him—one white male who physically assaulted him, and a black male who grabbed the mail tray.

### E. October 10, 2023 – 11:46AM the Defendant, McBee, and Reeves Use Victim Credit Card at Gas & Mart

That same day, the Victim received a notification from his bank that his credit card was fraudulently used at a Gas & Mart store at 2740 98th Ave, Oakland, CA, for the amounts of $59.92 and $64.18, respectively. A Postal Inspector responded to the Gas & Mart store in Oakland to retrieve photograph and video evidence of the vehicle and suspects involved.

The video footage shows the Defendant (in the driver's seat), McBee, and Reeves arrive at the Gas & Mart Store in a silver Toyota Camry on October 10, 2023, at about 11:46 AM, or a little more than an hour after the Victim was robbed. McBee was observed using a credit card to pay for gas outside at a gas pump with Reeves standing next to him. The Defendant was sitting in the driver's seat.

Minutes later, McBee was observed walking into the Gas & Mart alone and using a credit card to pay for a pack of cigarettes inside the store. The screenshots taken from video footage at the gas station were shared with law enforcement officers with OPD and SFPD. From the surveillance images provided to officers, several officers positively identified McBee as the individual depicted in the surveillance images making the transaction inside the Gas & Mart store in Oakland. The Defendant and Reeves were identified subsequently when they were arrested in the Toyota Camry, as described below.

Postal Inspectors shared the photographs taken from the Gas & Mart store in Oakland with the Victim. After reviewing the photographs, the Victim said the vehicle in the photographs appears to be the same involved in the robbery incident based on the color, make, model, and same alloy wheels. The Victim said the subject in the photographs (McBee) appears to be same who robbed him, except McBee was wearing a full sleeve black sweatshirt with yellow writing and a different white cloth mask at the time of the robbery. Below are photographs of McBee at Gas & Mart after the robbery, and the photographs of the Defendant, McBee, and Reeves arriving at the Gas & Mart store in the Silver Toyota Camry, and Reeves assisting McBee at the pump. The Defendant is in the driver seat with the door open—his black sweatshirt with red writing is visible. Reeves is outside the vehicle wearing a black

8
4:24-mj-71557 KAW

hoodie, face mask, and blonde hair protruding.







### F. October 11, 2023 -- Arrest of the Defendant and Reeves

On October 11, 2023, as part of the investigation into the theft of the silver Toyota Camry from the Daly City Toyota Dealership, Daly City Police Department ("DCPD"), with the assistance of OPD, arrested the Defendant and Reeves in possession of a stolen silver Toyota Camry at a gas station near 4265 Foothill Blvd., Oakland, CA 94601. The vehicle was equipped with a GPS tracking system. Reeves was the driver, and the Defendant was the front passenger. DCPD recovered various access cards, checks, stolen US Mail, and the Victim's wallet in both the vehicle and on the Defendant's person. The Defendant and Reeves matched the individuals seen in the Toyota dealership's video footage. Officers also recovered clothing from the vehicle matching the clothing worn by the individuals in the videos.

In a post-arrest statement to Postal Inspectors admitting her role in the robbery, Reeves stated that the Defendant and McBee were the individuals with her at the mail robbery on October 10, 2023.

### III. CRIMINAL HISTORY

The Defendant has a lengthy criminal history involving numerous felony convictions. He was most recently convicted in October 2024 (for July 2024 conduct) for being a felon in possession of a firearm and was sentenced to serve 16 months in prison. In April 2024, he was convicted (for July 2023 conduct) of being in possession of a controlled substance and violating his probation and sentenced to one day in jail and two years of probation. In February 2024 he was convicted (for August 2022 conduct) for taking and possessing a stolen vehicle and was sentenced to 270 days in jail and 24 months' probation. In August 2024 he was convicted (for December 2021 conduct) of being a felon in possession. In July 2022 he was convicted (for March 2019 conduct) of second-degree burglary. In February 2021 he was convicted for vehicle theft and sentenced to 120 days in jail and 24 months' probation. In July 2021 he was convicted (for February 2017 conduct) of vehicle theft and sentenced to 644 days in jail and 36 months' probation. In 2017 and 2018 he incurred multiple misdemeanor convictions related to drugs and theft. Between 2014 and 2016 he incurred multiple misdemeanor convictions for public fighting and possession of controlled substances. In June 2014 he was convicted of possession of a controlled substance and sentenced to 180 days in jail and 36 months' probation. In 2008 and 2009 he incurred multiple misdemeanor convictions related to driving under the influence and driving without a license. As a juvenile he was convicted of sexual battery and drug dealing.

Aside from his numerous convictions, the Defendant has been arrested dozens of times. Just to highlight a few instances: in 2010 he was arrested twice for domestic violence. In 2010 he was also arrested for grand theft/robbery. His probation was revoked in 2011, several bench warrants were issued throughout 2012 for failures to appear. In 2013 he was again arrested for domestic violence. The Defendant has been arrested repeatedly for disorderly conduct and fighting in public. In February 2017, he was arrested for vehicle theft. In June 2017 he was arrested for being a felon in possession of a

firearm and for possessing a controlled substance.  He was arrested for falsifying checks and documents on several occasions in 2017 and 2018.  In May 2018 he was arrested for, among other things, mail theft.  In March 2019, the Defendant was arrested for burglary.  In 2021, he continued to violate probation by failing to appear and by committing further vehicle thefts.  In 2022, the Defendant was arrested for mail theft, being a felon in possession, and vehicle theft.  In 2023 he was arrested for burglaries, being a felon in possession, evading law enforcement on the highway, engaging in a hit and run.  The Defendant has been on an unabated crime spree for close to twenty years.

## IV.  LEGAL STANDARD

Under the Bail Reform Act of 1984, as amended, the Court must detain a defendant pretrial without bail where "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community." 18 U.S.C. § 3142(e)(1).  Detention is appropriate where a defendant is *either* a danger to the community or a flight risk; it is not necessary for the government to prove both.  *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).  A finding that a defendant is a danger to the community must be supported by clear and convincing evidence. *Id.*

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019).  Those factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

## V.  ARGUMENT

### A.  The Defendant is a Danger to the Community and a Flight Risk

The charged October 2023 conduct is serious—the Defendant aided and abetted the robbery of

an innocent postal worker. The Victim was physically hurt. The Defendant stole a vehicle to make the robbery possible, was the person who stole the mail out of the truck, and then was the person found in possession of the Victim's belongings the next day. From the vehicle theft to the robbery—the Defendant's conduct was dangerous and reckless.

The Defendant's crime spree preceded and post-dated the October 2023 mail robbery. After he was arrested for the vehicle theft from the Toyota dealership and before the government could charge him in this case, the Defendant was again convicted of being a felon in possession of a firearm. Before the October 2023 mail robbery, the defendant sustained multiple felony convictions for various vehicle theft, drug, and firearm offenses. He has been arrested dozens of times for everything ranging from domestic violence to forging checks and mail thefts. When the Defendant is not in custody, he is engaging in criminal behavior, and all the while on probation and subject to supervision. The Defendant should not be given the opportunity to further harm the Oakland community, as he is sure to do if he is released.

The Defendant has been on some form of court and probation supervision on and off for close to twenty years—and he has been undeterred in continuing to engage in criminal conduct. No less than nine failures to appear in court are noted in his criminal record. It is not unreasonable to conclude that if the Defendant is released, he will do what he has always done and continue to break the law and violate court orders, and there is no guarantee he will appear in Court. The Defendant faces his first federal term of incarceration and has incentive to flee.

**B.  The Weight of the Evidence is Strong**

The Defendant is seen in the surveillance video at the Toyota dealership stealing the vehicle used in the mail robbery. He is seen in the surveillance video at the Gas Station immediately after the robbery where the Victim's credit card is used and where the vehicle used in the robbery is found. The day after the robbery the Defendant is found with the Victim's belongings and the stolen mail and the stolen vehicle. Moreover, Reeves places him at the scene in a statement to the postal inspectors. The evidence against the Defendant is strong.

## VI. CONCLUSION

The Court should order the Defendant detained pending trial because there are no conditions that will reasonably assure the safety of the community or his appearance in court.

DATED: April 4, 2025                                        Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

_____/S/_____
IVANA DJAK
Assistant United States Attorney

13

4:24-mj-71557 KAW